IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARRETT BOWDEN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | No. 3:25-cv-261 |
| v. ) ) ) | Judge Robert J. Colville |
| EXPRESS SCRIPTS, INC., et al., ) ) ) | |
| Defendants. ) ) | |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court is a "Motion for Clarification or, in the Alternative, to Alter or Amend Judgment" ("Motion for Clarification") (ECF No. 24) filed by Defendants Express Scripts, Inc. ("ESI"), Cigna Corporation ("Cigna"), and Evernorth Health Services ("Evernorth") (collectively, "Moving Defendants").[1] Plaintiff Garrett Bowden has filed a Response in Opposition (ECF No. 27), and Moving Defendants have submitted a Brief in Support (ECF No. 25) and a Reply (ECF No. 28). The Motion for Clarification has thus been fully briefed and is ripe for disposition.

**I.     Background**

The Court set forth the factual and procedural background of this case at length in its Memorandum Order (ECF No. 23) addressing a Motion to Remand (ECF No. 7) filed by Plaintiff in this matter, and will forego a similar recitation herein. It is sufficient to note that the Court denied the Motion to Remand on several bases, and granted Plaintiff leave to file an amended

---

[1] No appearance has yet been entered on behalf of Defendants UPMC Health Plan ("UPMC), Highmark Inc. ("Highmark"), or John Does 1-10.

1

complaint. In its Memorandum Order, the Court provided as follows in its description of the procedural history of this case:

> Prior to removal, Plaintiff, acting ex parte, filed and obtained immediate preliminary injunctive relief from the Cambria County Court of Common Pleas. ECF No. 1 at ¶ 4-5; ECF No. 1-2 at 32-34. The court's order provided: "Accordingly, the Defendants are directed by the Court not to terminate Martella's Pharmacies from their network of pharmacies and maintain the status quo with Martella's Pharmacies until further Order of Court." ECF No. 1-2 at 32. That Order remains in effect at this juncture, as the matter was removed before a hearing on the motion for preliminary injunction was scheduled to take place. ECF No. 7 at ¶¶ 2-3.

ECF No. 23 at 6.

Moving Defendants take issue with this language, arguing that the ex parte preliminary injunctive relief obtained by Plaintiff at state court has expired under its own terms. ECF No. 24 at 1-2. They seek an Order providing as follows:

> 1. Moving Defendants' Motion to Clarification is GRANTED; and
>
> 2. The Court clarifies that its statement in the September 16, 2025 Memorandum and Order of the Court as to the continuing effect of the ex parte preliminary injunctive relief obtained by Plaintiffs from the Cambria County Court of Common Pleas was dicta, without substantive effect on the Order of Court denying Plaintiffs' Motion to Remand. Further, the Court clarifies that said preliminary injunctive relief has expired by its own terms as of September 2, 2025.

ECF No. 25-1. Plaintiff opposes the Motion for Clarification, arguing that this Court "ruled" that the preliminary injunctive relief remains in effect. ECF No. 27 at ¶ 5. He further argues that Moving Defendants' own actions in removing this matter prevented a scheduled hearing from taking place, that a scheduling issue and strategy should not result in the dissolution of lawfully obtained injunctive relief, and that there is good cause to keep the injunctive relief in place at this time. *Id.* at ¶ 7. Plaintiff spends much of his Response arguing that preliminary injunctive relief is appropriate under the standards that apply in federal court, and further asserts that he intends to seek such relief before this Court.

II.  **Legal Standard**

"Although district courts have the inherent power to reconsider an interlocutory decision, '[c]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Fed. R. Civ. P. 59(e).'" *Deeters v. Phelan Hallinan & Schmieg, LLP*, No. 3:11-cv-252, 2013 WL 6524625, at *2 (W.D. Pa. Dec. 12, 2013) (quoting *A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, CIV. A. 94–7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001)).  Under Rule 59(e), a court may reconsider its order where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).  In the context of reconsideration of interlocutory orders, the United States District Court for the Middle District of Pennsylvania has explained: "the court may permit reconsideration whenever 'consonant with justice to do so.'" *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F.Supp.2d 630 (M.D. Pa. 2007)).  However, "[b]ecause courts have a strong interest in the finality of their judgments, a motion for reconsideration is inappropriate to express mere dissatisfaction with a court's previous ruling." *Deeters*, 2013 WL 6524625, at *2.

III.  **Discussion**

Moving Defendants are correct.  The Court's statement that the state court preliminary injunctive relief order remained in effect was not pertinent to this Court's consideration of the Motion to Remand, and was merely a part of this Court's factual recitation of the background of

3

this case. More importantly, the statement was not a ruling, and was simply incorrect as a matter of law.

The law is clear that the Court of Common Pleas of Cambria County's ex parte preliminary injunctive relief order expired as a matter of state law on August 20, 2025, *see* Pa.R.C.P 1531(d) ("An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct."), and certainly no later than a federal injunction would have expired (September 2, 2025), *see* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry--not to exceed 14 days--that the court sets, unless *before* that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." (emphasis added)). Plaintiff did not seek, and the Court did not grant, an extension of the ex parte injunctive relief order before the order expired as a matter of law under both the state and federal rules. Accordingly, the order had expired at least two weeks before the Court issued its Memorandum Order on the Motion to Remand. As such, there is nothing to extend at this point, as the prior injunctive relief order is, and was at the time of the Court's misstatement, dissolved as a matter of law.

Because the injunction order expired by its own terms before any extension was sought, Moving Defendants cite to applicable legal authority, while Plaintiff cites to inapposite case law. *Compare Mizauctions, LLC v. Cross*, No. 5:17-CV-02935, 2017 WL 3602079, at *1 (E.D. Pa. Aug. 22, 2017) ("That request is denied because this case was removed before the state court had a chance to hold a hearing on those injunctions, and by operation of state law, ex parte injunctions automatically dissolve if a hearing on them is not held promptly after they are issued."); *id.* at *4 ("Injunctions have no 'greater effect after removal to federal court than they would have had if the

4

case had remained in state court,' so '[a]n ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law'—and can in fact dissolve even sooner, because once the case is removed, the order becomes subject to the fourteen-day limit on ex parte temporary restraining orders in Federal Rule 65(b)." (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 435 (1974)); *PGNA, Inc. v. Sterling Prods., Inc.*, No. 2:24-CV-1041, 2024 WL 4453584, at *1 (W.D. Pa. Sept. 6, 2024), *report and recommendation adopted*, No. 2:24-CV-01041-MJH, 2024 WL 4451665 (W.D. Pa. Oct. 9, 2024) (finding injunction order had dissolved under both state and federal law in a case where defendants removed the case to federal court the day before a hearing was scheduled to be held, and rejecting argument that removal prior to a scheduled hearing should have caused the injunction to be extended); *with Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1004 (S.D. Ohio 2007) (plaintiff moved to extend state court-issued temporary restraining order *before* its expiration); *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1258 (D. Kan. 2001) (same).

That said, Plaintiff has expressed a clear intention to seek injunctive relief before this Court. He has filed an Amended Complaint (ECF No. 36) in an apparent attempt to address the issues raised by this Court in its Memorandum Order addressing Plaintiff's remand request. This Memorandum Order is entered without prejudice to Plaintiff pursuing injunctive relief before this Court. While Moving Defendants (and the non-moving Defendants) are not presently subject to an injunctive relief order, they proceed at their own peril should they take action and should this (or another) court eventually grant injunctive relief consistent with Plaintiff's requests.

### IV.     Order of Court

For the reasons discussed above, the Motion for Clarification is granted. In the interest of correcting a clear misstatement made in dicta in its prior Memorandum Order, the Court hereby clarifies that the order granting preliminary injunctive relief issued by the Cambria County Court of Common Pleas expired prior to the Court's September 16, 2025 Memorandum Order and was not extended prior to expiration. The Court's prior misstatement was not intended to, and does not, have any legal effect.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: October 14, 2025

cc: All counsel of record